UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JASON COOPER

                        Plaintiff

        - against-

SIMPSON STRONG-TIE COMPANY, INC.

                      Defendants.
------------------------------------------------------------x

Index No. 05 CV 6877

(DAB)

COMPLAINT

      Plaintiff, by his attorneys, the Law Offices of Jonathan Weinberger, as and for his complaint, respectfully alleges as follows:

### JURISDICTION AND VENUE

      1.     This action is brought pursuant to the Civil Rights Act of 1871, 42 USC § 1981, and to remedy discrimination under the New York State Human Rights Law (the "HRL") and the Administrative Code of the City of New York (the "NYCHRL").

      2.     Injunctive and declaratory relief, damages and other appropriate legal and equitable relief, including front pay, are sought pursuant to the above-referenced statutes.

      3.     Plaintiff has fully complied with all prerequisites to jurisdiction in this court under applicable law. Jurisdiction of the court is proper under 28 USC 1343(3) and 1343(4) conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, the Declaratory Judgment Statute, 22 USC 2201. Jurisdiction of the claims under the New York State Human

1

Rights Law, the Administrative Code of the City of New York and common law claims is invoked under the principles of pendent jurisdiction.

4. As the unlawful employment practices complained of herein occurred within and defendant has its registered office in the Southern District, venue is proper in this district.

## PARTIES

5. Upon information and belief, Defendant SIMPSON STRONG-TIE COMPANY, INC. is a foreign corporation, duly authorized to do business in the State of New York.

6. On or about December 7, 2004, plaintiff began work for defendant as a retail specialist in New York City

7. Plaintiff is African American.

8. Plaintiff's supervisor made derogatory and racist statements about African Americans.

9. Plaintiff indicated that his supervisor should stop the and racist and discriminatory comments.

10. On or about February 15, 2005, plaintiff suffered an injury on the job.

11. The injury was a disability within the meaning of the HRL and the NYHRL.

12. On or about February 15, 2005, plaintiff took disability leave.

13. On or about March 7, 2005, plaintiff returned to work.

14. On or about March 7, 2005, defendant fired plaintiff.

15. At all relevant times, plaintiff notified defendant about the discriminatory and illegal conduct to which plaintiff was subject.

16. At all relevant times, defendant failed to take appropriate actions to prevent the discriminatory and illegal conduct.

17. At all relevant times, defendant retaliated against plaintiff in connection with his complaints of discrimination and illegal conduct.

18. By reason of the foregoing, plaintiff was subject to a hostile environment based on his race.

19. At all relevant times, plaintiff had a disability, a perceived disability and/or a record or history of disability under the HRL and the NYCHRL.

20. At all relevant times, defendant was notified of plaintiff's disability under the under the HRL and the NYCHRL.

21. At all relevant times, plaintiff requested reasonable accommodations for his disability.

22. At all relevant times, plaintiff was able to perform the essential functions of his job with a reasonable accommodation.

23. Defendant failed to afford plaintiff a reasonable accommodation for his disability.

24. As a result of defendants' illegal, discriminatory acts and retaliatory acts, including but not limited to those described above, plaintiff has suffered and will continue to suffer monetary damages unless and until this court grants relief.

FIRST COUNT UNDER 42 USC § 1981

25. Plaintiff repeats, reiterates and realleges each and every allegation contained above with the same force and effect as though set forth fully herein.

26. Defendant's actions in discriminating against plaintiff based on plaintiff's race

3

in violation of rights secured by 42 USC § 1981.

27. Plaintiff was subject to a hostile environment, in violation of 42 USC § 1981, in that (1) he suffered intentional discrimination because of his race; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same ancestry race; and (5) the hostile environment was perpetrated by supervisory personnel and otherwise in a manner establishing respondeat superior liability.

28. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory practices, unless and until this court grants relief.

## SECOND COUNT UNDER THE HRL

29. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

30. The above acts and practices of defendant's constitute unlawful discriminatory employment practices based on race within the meaning of the New York State Human Rights Law.

31. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices, unless and until this court grants relief.

## THIRD COUNT FOR DISCRIMINATION UNDER THE NYCHRL

32. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

33. The above acts and practices of defendants constitute unlawful discriminatory practices based on race within the meaning of Section 8-101 et seq. of the Administrative Code of the City of New York.

34. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices, unless and until this court grants relief.

## FOURTH COUNT FOR RETALIATION UNDER THE HRL

35. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

36. The above acts and practices of defendant constitute unlawful discriminatory employment practices based on retaliation within the meaning of the New York State Human Rights Law.

37. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices, unless and until this court grants relief.

## FIFTH COUNT FOR RETALIATION UNDER THE NYCHRL

38. Plaintiff repeats all of the allegations set forth above with the same force and effect as if set forth herein.

39. The above acts and practices of defendant constitute unlawful discriminatory practices based on retaliation within the meaning of Section 8-101 et seq. of the New York City Human Rights Law.

40. Plaintiff is now suffering and will continue to suffer irreparable injury and

monetary damages as a result of defendant's discriminatory practices, unless and until this court grants relief.

WHEREFORE, plaintiff respectfully requests that this court grant the following relief:

1. Enter a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the United States, the State of New York and the City of New York, and for such other affirmative relief as may be necessary to redress the effects of defendants' discriminatory acts, including damages for wages, pain and suffering, compensatory damages, punitive damages, attorney's fees, cost and disbursements, and legal interest thereon.

2. A money judgment, in an amount to be determined at trial, for the mental distress, anguish, pain and suffering experienced by Plaintiff as a result of defendants' illegal employment practices and activities, as provided for by the Civil Rights Act, the HRL, and the NYCHRL.

3. A money judgment, in an amount to be determined at trial, for punitive damages to the extent that defendant's actions were willful, intentional and malicious.

4. Award plaintiff the cost of this action together with reasonable attorneys' fees, pursuant to the Civil Rights Act and the NYCHRL.

5. Grant plaintiff such other and further relief as to this court appears just and proper.

DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

> Law Offices of Jonathan Weinberger
> Attorneys for Plaintiff
> BY: /s/
> Jonathan Weinberger (JW-2425)
> 880 Third Avenue, 13th Fl.
> New York, New York 10022
> (212) 752-3380